CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/8/2020
JULIA C. DUDLEY, CLERK
BY:  s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| LYNCHBURG RANGE & TRAINING, LLC et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Case No. __6:20CV00019__<br>) |
| HON. RALPH S. NORTHAM et al., | )<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Hon. Ralph S. Northam and Gary T. Settle hereby remove the above-captioned action from the Circuit Court for the City of Lynchburg (where it has the docket number CL20000332-00) to the United States District Court for the Western District of Virginia. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

In further support of this Notice of Removal, Defendants states as follows:

1. On April 8, 2020, Plaintiffs Lynchburg Range & Training, LLC, Virginia Citizens Defense League, Gun Owners of America, Inc., and Association of Virginia Gun Ranges (Plaintiffs) filed a Complaint, Application for Temporary Injunction, and Petition for Writ of Mandamus (Complaint) in the Circuit Court for the City of Lynchburg (Case No. CL20000332-00). A copy of the Complaint is attached as **Exhibit 1**. A copy of the materials filed in support of the Complaint is attached as **Exhibit 2**.

2. Counsel for Defendants received (by email, not by formal service) a copy of the initial pleading in this action on April 8, 2020. This Notice of Removal is thus timely filed

because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

3. The Complaint asserts that Executive Order 53 is unlawful because it "violat[es] . . . the Second Amendment to the U.S. Constitution." Ex. 1 at 1; see also *id.* at 17–20 ("EO 53 violates the Second Amendment to the United States Constitution"). As relief, the Complaint seeks a declaratory judgment, an emergency temporary injunction, a writ of mandamus, and a permanent injunction. *Id.* at 1, 33–35. Because the Complaint specifically alleges a violation of the United States Constitution, Plaintiffs' Second Amendment claim "aris[es] under the Constitution . . . of the United States" within the meaning of 28 U.S.C. § 1331. See *Lisenby v. Lear*, 674 F.3d 259, 262 (4th Cir. 2012) ("[R]emoval is appropriate if the face of the complaint raises a federal question." (quotation marks and citation omitted)).

4. Although the Complaint seeks relief pursuant to state statute, see Ex. 1 at 2, Plaintiffs allege that the Executive Order violates the Second Amendment of the United States Constitution and seek an injunction against its enforcement. That claim depends on federal constitutional law and therefore confers federal-question jurisdiction on this Court. See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (stating that "[i]t is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights" and that "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted" by federal law "thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve"); *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016) (state law cause of action "arise[s] under federal law . . . when the vindication of a right under state law necessarily turns on some construction of federal law"

(quotation marks and citation omitted)); *Mendenhall v. City of Akron*, 374 Fed. Appx. 598, 599 (6th Cir. 2010) (affirming denial of motion to remand where complaint filed in state court "sought declaratory and injunctive relief invalidating [an] ordinance . . . as violative of both the federal and state constitutions," and defendants removed the action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331).

5. The Complaint also asserts that the challenged Executive Order exceeds the Governor's authority and violates the Virginia Constitution.[1] See Ex. 1 at 10–17, 33–34. Because those claims challenge the same Executive Order and seek the same relief as Plaintiffs' federal claim, Plaintiffs' state and federal claims are "so related" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court therefore has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

6. The Lynchburg Division of the United States District Court for the Western District of Virginia encompasses the City of Lynchburg, where the Complaint was originally filed. This Court is therefore "the district and division within which such action is pending" pursuant to 28 U.S.C. 1446(a).

7. As required by 28 U.S.C. § 1446(d), Defendants will "[p]romptly . . . give written notice" of the filing of this Notice of Removal to the Clerk of the Circuit Court for the City of Lynchburg and counsel for Plaintiffs. A copy of the notice that will be provided is attached as **Exhibit 3**.

---

[1] As Plaintiffs note, the right to keep and bear arms under the Virginia Constitution "'is coextensive with the rights provided by the Second Amendment [of the United States Constitution]." Ex. 1 at 16–17 (quoting *DiGiacinto v. George Mason Univ.*, 281 Va. 127, 134 (2011)).

8. Because Defendants "did not answer before removal," Defendants will "answer or present other defenses or objections under these rules" within the time period listed in Federal Rule of Civil Procedure 81(c)(2).

WHEREFORE, the case originally filed in the Circuit Court for the City of Lynchburg (Case No. CL20000332-00) is hereby removed to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants respectfully request that the action proceed in this Court as an action properly removed to it.

Dated: April 8, 2020             Respectfully submitted,

**HON. RALPH S. NORTHAM and GARY T. SETTLE**

By: */s/ Toby J. Heytens*
Toby J. Heytens (VSB No. 90788)
Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
THeytens@oag.state.va.us

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2020, a true and accurate copy of the foregoing Notice of Removal was filed electronically with the Court's CM/ECF system. A copy of this Notice of Removal was also transmitted by both first-class mail and email to:

David G. Browne
Spiro & Browne, PLC
6802 Paragon Place, Suite 410
Richmond, VA 23230
dbrowne@sblawva.com

William J. Olson
Robert J. Olson
Herbert W. Titus
William J. Olson, P.C.
370 Maple Avenue, West, Suite 4
Vienna, Virginia 22180

114 Creekside Lane
Winchester, Virginia 22602
wjo@mindspring.com

*Counsel for Plaintiffs*

By:   */s/ Toby J. Heytens*
      Toby J. Heytens (VSB No. 90788)
      Solicitor General
      Office of the Attorney General
      202 North Ninth Street
      Richmond, Virginia 23219
      (804) 786-7240 – Telephone
      (804) 371-0200 – Facsimile
      THeytens@oag.state.va.us

      *Counsel for Defendant*